UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MCGHEE and KELLY
MCGHEE,

    Plaintiffs,

v.

DITECH FINANCIAL LLC and THE BANK
OF NEW YORK MELLON FKA THE BANK
OF NEW YORK, TRUSTEE FOR THE
BENEFIT OF THE
CERTIFICATEHOLDERS OF THE
CWABS, INC. ASSET-BACKED
CERTIFICATES SERIES 2004-5,

    Defendants.
                                     /

Case No. 2:16-cv-14266

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4]**

Plaintiffs Anthony and Kelly McGhee filed the instant foreclosure-related action in a Michigan Circuit Court. Defendants removed the case and filed a motion to dismiss. ECF 4. The Court has reviewed the briefs and finds that oral argument is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will grant the motion and dismiss the case.

## **BACKGROUND**

In 2003, the McGhees executed a mortgage secured by a home in Highland Park (the Property). The mortgage was eventually assigned to Defendant Bank of New York Mellon (the Bank) and Defendant Ditech serviced the mortgage. ECF 1, PgID 10. The McGhees apparently defaulted on their mortgage obligations, so a sheriff's sale was scheduled for December 3, 2015. *Id.* But they claim that in November 2015, they "faxed a completed loan modification application with supplementary documents to Ditech." *Id.* They also claim that

Kelly McGhee contacted Ditech and someone named Anthony told her their documents had been received, that the modification would be reviewed, and that the sale was adjourned until January 4, 2016. This was the last they ever heard from Anthony.

The sheriff's sale was held on January 7, 2016, and the Bank bought the property. ECF 4-1, PgID 52.[1] Later that month, the McGhees received a letter from Ditech dated January 18, 2016. ECF 1, PgID 15. The letter thanked them for their "interest in the Home Affordable Modification Program ('HAMP')", noted that they "were evaluated for mortgage payment assistance" but that they were ineligible for HAMP because their home had been foreclosed upon and they were no longer the owners. *Id.* The letter went on to explain that their account might be:

> referred to foreclosure during this time, or any pending foreclosure action may continue. However, no foreclosure sale will be conducted and you will not lose your home during this 30-day period or any longer period required for us to review supplemental material you may provide in response to this Notice.

*Id.*

Pursuant to Michigan law, the statutory redemption period expired on July 7, 2016. *See* Mich. Comp. Laws § 600.3240.[2] The McGhees filed their state-court complaint four months later.

---

[1] Although the exhibit and others were provided by Defendants, the McGhees referenced them in the Complaint and relied upon them. The Court therefore considers them part of the pleadings in resolving the motion to dismiss. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

[2] Redemption periods vary from one month to one year. Defendants claim the redemption period expired July 7, 2016—six months after the sheriff's sale. ECF 4, PgID 36. The McGhees do not dispute the date or the six-month redemption period.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court may only grant a 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs. Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the Court must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

The McGhees' complaint contains a single count of "wrongful foreclosure" but the real cause of action is unclear. The complaint seeks "redress under Michigan law"; the wrongdoing alleged, however, is predicated on a violation of federal law. ECF 1, PgID 9, 11–12. Defendants addressed both avenues for relief in their briefs: they argue that the McGhees have failed to plead the necessary elements to set aside the foreclosure under Michigan law, and that federal law does not authorize the relief they seek. Upon review, the Court finds that no matter how the Complaint is construed, it fails to state a claim for which relief may be granted.

I.  Relief Under Michigan Law

Foreclosures by advertisement—like the one at issue here—are governed by Michigan statute. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). Michigan law balances the need to "impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties." *Id.* To that end, it "provides certain steps that the mortgagee must go through in order to validly foreclose" and "also controls the rights of both the mortgagee and the mortgagor once the sale is completed." *Id.* (internal citations omitted). Accordingly, a mortgagor has a fixed period of time to redeem property after a sheriff's sale. Mich. Comp. Laws § 600.3240(8). But once the redemption period expires, "all of plaintiff's rights in and title to the property [are] extinguished." *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) and Mich. Comp. Laws § 600.3236). Thus, a plaintiff who fails to timely redeem his or her property loses standing to bring a claim. *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 715 (2014). The redemption period on the McGhee's home expired, so to permit them to proceed, the Court would first need to set aside the foreclosure sale.

Setting aside a foreclosure sale is rare. "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin*, 714 F.3d at 359 (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 248 (1969)). Specifically, "the fraud or irregularity [must] be present in the foreclosure procedure itself." *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). Plaintiffs must also

4

"show that they were prejudiced" by defendants' misconduct—i.e., "show that they would have been in a better position to preserve their interest in the property" absent the misconduct. *Conlin*, 714 F.3d at 361 (citing *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115–16 (2012)).

Here, the redemption period expired. To proceed, the McGhees must therefore show that they were prejudiced by some fraud or irregularity in the foreclosure process. It is from that point the McGhee's federal-law argument begins.

The Real Estate Settlement Procedures Act (RESPA) imposes certain requirements on mortgage providers and servicers. The Consumer Financial Protection Bureau implements RESPA though the promulgation and enforcement of regulations. One of its regulations limits when mortgage servicers may move for or conduct foreclosure sales in the event the borrower has "submit[ted] a complete loss mitigation application[.]" 12 C.F.R. § 1024.41(g).

According to the McGhees, because they submitted completed loss-mitigation documents in November 2015, the regulation precluded a foreclosure sale the following January. They insist that § 1024.41 "establishes the standard for what should be a 'regular' experience through the foreclosure process[.]" ECF 6, PgID 100. "If anything happens to the contrary, it is an irregularity" and therefore warrants setting aside the foreclosure. *Id.* They then explain how the Bank allegedly failed to follow the RESPA procedure and conclude that the failure is an irregularity that warrants setting aside the foreclosure.

The argument is not new. The Sixth Circuit has repeatedly held that irregularities in the process of evaluating a borrower for a loan modification do not constitute the "irregularity in the foreclosure proceeding" necessary to set aside a foreclosure sale. *See*

5

*Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294–95 (6th Cir.) (collecting cases), *cert. denied*, 136 S. Ct. 272 (2015).[3] The McGhees do not allege any other fraud or irregularity in the foreclosure process. They have therefore failed to state a claim under Michigan law.

II.    <u>Relief Under RESPA</u>

Conceivably, the McGhees could have a valid claim under RESPA itself, even though their claim for wrongful foreclosure under Michigan law fails. Generously construed, that is the sort of relief sought in the Complaint. But RESPA provides only monetary relief, not equitable relief. *See Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014). And a plaintiff who brings a claim under RESPA "must allege actual damages[.]" *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010). Here, the Complaint principally seeks equitable relief, and though it asserts that the amount in controversy exceeds $25,000 and seeks a generic award of "damages incurred," ECF 1, PgID 9, 13, nowhere does it assert actual damages. The Complaint therefore fails to state a claim under RESPA.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order and closes the case.

---

[3] The McGhees claim that *Campbell* is inapposite because it resolved only a question of retroactivity. They insist that the court in that case "certainly did not decide that if [the plaintiff] had submitted an application during the relevant time period, a violation would not have constituted an irregularity." ECF 6, PgID 100–01. But the *Campbell* court explicitly addressed the irregularity argument the McGhees raise here. And the retroactivity discussion revolved around the plaintiff's separate RESPA claim. *Campbell* is fully applicable to the matter at hand.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: September 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager